14-588-cr
*United States v. De Jesus Sierra*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of October, two thousand fifteen.

PRESENT: AMALYA L. KEARSE,
RALPH K. WINTER,
JOSÉ A. CABRANES,
*Circuit Judges.*

---

UNITED STATES OF AMERICA,

          *Appellee,*            No.    14-588-cr

          v.

DIOGENES DE JESUS SIERRA, a/k/a "Diogenes Estes,"

          *Defendant-Appellant.**

---

**FOR DEFENDANT-APPELLANT:**     RICHARD H. ROSENBERG, Law Office of Richard H. Rosenberg, New York, NY.

**FOR APPELLEE:**     SEAN S. BUCKLEY (Justin Anderson, *of Counsel*), Assistant United States

---

* The Clerk of Court is directed to amend the caption of the order as set forth above.

Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Victor Marrero, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**, but **REMANDED** for the sole purpose of making a ministerial correction of the judgment by replacing the word "cocaine," in the "nature of offense" for count one, with the word "heroin."

Defendant-appellant Diogenes De Jesus Sierra ("De Jesus Sierra") appeals from a judgment of conviction entered on February 10, 2014, on charges of conspiracy to distribute heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C), and distribution of and possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 812, 841(a), 841(a)(1), and 841(b)(1)(C). The District Court sentenced De Jesus Sierra principally to concurrent terms of 360 months' imprisonment on each count.

On appeal, De Jesus Sierra argues, *inter alia*, that (1) the evidence presented at trial was insufficient to sustain his conspiracy and substantive convictions; (2) the Court erred by admitting improper lay opinion testimony from law-enforcement witnesses at trial; and (3) De Jesus Sierra received ineffective assistance of counsel because his former counsel should have moved to suppress post-arrest statements De Jesus Sierra made as the result of an allegedly illegal arrest. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## A.

De Jesus Sierra contends that the evidence introduced at trial was insufficient to support his convictions. Specifically, De Jesus Sierra argues that there was scant evidence linking him to Apartment 1-K, an apartment in a building under surveillance by law-enforcement agents and which appeared to contain a heroin mill, notwithstanding his post-arrest statements suggesting he was responsible for the items found there. We disagree.

We review De Jesus Sierra's challenge to the sufficiency of the evidence supporting his convictions *de novo*, but he "bears a heavy burden," *United States v. Coplan*, 703 F.3d 46, 62 (2d Cir. 2012) (internal quotation marks omitted), because we review evidence on a sufficiency challenge "in the light most favorable to the government and draw[] all inferences in favor of the government," *United States v. Henry*, 325 F.3d 93, 103 (2d Cir. 2003). The burden with respect to a conspiracy conviction is particularly heavy, as we afford special deference to the jury's findings, in recognition of the fact that "conspiracy by its very nature is a secretive operation, and it is a rare case where all

2

aspects of a conspiracy can be laid bare in court with the precision of a surgeon's scalpel." *United States v. Snow*, 462 F.3d 55, 68 (2d Cir. 2006) (internal quotation marks omitted). We will uphold a conviction if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Coplan*, 703 F.3d at 62 (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

We conclude that the evidence introduced at trial, viewed in the light most favorable to the government, was sufficient to support De Jesus Sierra's convictions. Officer testimony at trial established that, on April 14, 2010, the day of De Jesus Sierra's arrest, De Jesus Sierra and his brothers were conducting counter-surveillance in the vicinity of Apartment 1-K. Shortly thereafter, officers observed Robert Santos leave the apartment building with an apparently heavy blue gift bag, and they followed Santos to a restaurant, where they searched the bag, which Santos disclaimed, and found more than $50,000 in currency bundled with rubber bands. Officers then arrested De Jesus Sierra and his brother Robert after they exited Apartment 1-K with two other individuals. Following the arrest, officers searched Apartment 1-K and discovered, among other things, thousands of empty glassine envelopes, along with several that contained heroin totaling 1.5 grams, and some of which were stamped with brand names; a pestle with residue that tested positive for heroin; a strainer; a drug ledger; and approximately $200,000 in currency. Expert testimony suggested that these items were consistent with a heroin mill, and that the ledger reflected several sales of more than a kilogram of heroin. Officers later discovered that certain names in Santos's phone appeared in the drug ledger.

The government also demonstrated De Jesus Sierra's involvement with the heroin mill. Officers testified that, after they arrested De Jesus Sierra, he claimed responsibility for everything that was found in the apartment and was even able to describe where certain drug paraphernalia was located in the apartment. Officers also recovered two grams of heroin, which appeared to be a "sample," from De Jesus Sierra's brother Robert when they arrested him with De Jesus Sierra outside of Apartment 1-K. And De Jesus Sierra stated that Santos was a friend of the family who ran errands for the family. Based on the foregoing evidence, and the inferences favorable to the government that can reasonably be drawn therefrom, we conclude that a rational trier of fact could have found De Jesus Sierra guilty of conspiracy to distribute, and distribution of and possession with intent to distribute, heroin.

**B.**

Because De Jesus Sierra did not challenge the admission of the purported "improper lay witness opinion and inference testimony" at trial, a point De Jesus Sierra concedes in his opening brief, we review the challenge under a plain-error standard. *See United States v. Marcus*, 560 U.S. 258, 262 (2010). "[A]n appellate court may, in its discretion, correct an error not raised at trial only where the appellant demonstrates that (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error

3

seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks and brackets omitted).

Because neither this Court nor the Supreme Court has squarely addressed whether a law-enforcement officer's opinion testimony associating physical evidence with drug distribution can be admissible as lay opinion testimony under Federal Rule of Evidence 701, we cannot say that its admission in this case was a "clear or obvious" error. Other circuits are split on the issue, which suggests that any error was "subject to reasonable dispute." *Compare United States v. Oriedo*, 498 F.3d 593, 602–04 (7th Cir. 2007) (holding that agent's testimony about how drugs are packaged for distribution is not lay witness testimony in part because it "was not limited to what he observed in the search or to other facts derived exclusively from this particular investigation; instead, he brought the wealth of his experience as a narcotics officer to bear on those observations and made connections for the jury based on that specialized knowledge"), *with United States v. Ayala-Pizarro*, 407 F.3d 25, 27–29 (1st Cir. 2005) (holding that agent's testimony about how drug points operate and about how heroin is packaged is admissible as lay witness testimony in part because his conclusions based on his observations required no special expertise). Although we have held that expert testimony opining that paraphernalia found at an apartment is consistent with a heroin mill can be admissible as expert testimony under Rule 702, *see United States v. Young*, 745 F.2d 733, 761 (2d Cir. 1984), we have not held that it is always inadmissible as lay opinion testimony under Rule 701 and we do not reach that question here.[1]

---

[1] Even if the admission of such opinion testimony were a clear error, we cannot say that it affected the outcome of the trial. On direct examination, the government established the relevant experience, qualifications, and reliability of the law-enforcement witnesses, suggesting they could have qualified to testify and provide opinion testimony as expert witnesses. *See United States v. Hamilton*, 538 F.3d 162, 174–75 (2d Cir. 2008) (holding that, although a detective's lay witness testimony about narcotics trafficking based on his fourteen years as a narcotics detective may have rested on "specialized knowledge" within the meaning of Rule 702, any error was harmless because "the government firmly established the officer's relevant experience, his qualifications, and the reliability of his evidence," and any nondisclosure under Federal Rule of Criminal Procedure 16(a)(1)(G) warranted reversal only if it resulted in substantial prejudice to the defendant); *see also United States v. Lopez*, 547 F.3d 364, 373 (2d Cir. 2008) ("This court has repeatedly found that the operations of narcotics dealers are a proper subject for expert testimony."). In any event, the government's expert, Detective Hernandez, provided opinion testimony later in the trial suggesting that the items in Apartment 1-K were consistent with a heroin mill.

Moreover, a key difference between Rules 701 and 702 is that lay opinion testimony admissible under Rule 701 "'must be the product of reasoning processes familiar to the average person in everyday life,'" *United States v. Haynes*, 729 F.3d 178, 195 (2d Cir. 2013) (quoting *United States v. Garcia*, 413 F.3d 201, 215 (2d Cir. 2005)), rather than the product of "scientific, technical, or other specialized knowledge," FED. R. EVID. 702. Here, the officers testified that in searching Apartment 1-K they found, *inter alia*, several glassine envelopes containing heroin, thousands of empty glassine

4

With respect to Agent Matt's testimony that the items found in Apartment 1-K led him to conclude, based on his experience and training, "that they got rid of their kilos and they got their profit back," we need not decide whether its admission was clear error because we conclude that, even if it were,[2] the testimony did not affect the outcome of the trial. De Jesus Sierra's principal defense was that he was not connected to the heroin mill—not that the items in Apartment 1-K were inconsistent with a heroin mill or heroin distribution.

## C.

De Jesus Sierra contends that he was denied his Sixth Amendment right to effective assistance of counsel because, according to De Jesus Sierra, former counsel failed to move for the suppression of his post-arrest statements on the ground that they resulted from an arrest without probable cause.

"When a claim of ineffective assistance of counsel is raised on direct appeal, we may: (1) decline to hear the claim, permitting the appellant to raise the issue as part of a subsequent petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255; (2) remand the claim to the district court for necessary factfinding; or (3) decide the claim on the record before us." *United States v. Kimber*, 777 F.3d 553, 562 (2d Cir. 2015) (internal quotation marks omitted).

"[T]his court has expressed a baseline aversion to resolving ineffectiveness claims on direct review," *United States v. Lee*, 549 F.3d 84, 95 (2d Cir. 2008) (internal quotation marks omitted); *see also United States v. Iodice*, 525 F.3d 179, 186 (2d Cir. 2008), however, in part because the district court "may take testimony from witnesses for the defendant and the prosecution and from the counsel alleged to have rendered the deficient performance," and is thus "the forum best suited to developing the facts necessary to determining the adequacy of representation during an entire trial," *Massaro v. United States*, 538 U.S. 500, 505 (2003). *See also Sparman v. Edwards*, 154 F.3d 51, 52 (2d Cir. 1998).

---

envelopes, and approximately $200,000 in currency. Thus, even if the officers should not have been allowed to give lay opinions that Apartment 1-K housed a heroin mill based on other discovered items, we cannot conclude that the admission of their opinions affected De Jesus Sierra's substantial rights given that it is well within the cognizance of the average person to reason that the heroin and the massive quantities of empty envelopes and cash in and of themselves indicated the presence of a heroin distribution operation.

[2] *See, e.g.*, *Nimely v. City of New York*, 414 F.3d 381, 397 (2d Cir. 2005) ("We have consistently held . . . that expert testimony that usurps . . . the role of the jury in applying [the] law to the facts before it by definition does not aid the jury in making a decision; rather, it undertakes to tell the jury what result to reach, and thus attempts to substitute the expert's judgment for the jury's." (internal quotation marks, brackets, and citations omitted)); *United States v. Boissoneault*, 926 F.2d 230, 233 (2d Cir. 1991).

Although we have "entertained ineffective assistance claims for the first time on direct appeal when their resolution is beyond any doubt or to do so would be in the interest of justice," *United States v. Khedr*, 343 F.3d 96, 100 (2d Cir. 2003) (internal quotation marks omitted), we decline to do so here. Should De Jesus Sierra so choose, he may seek relief under 28 U.S.C. § 2255, the "preferable" mechanism "for deciding claims of ineffective assistance." *Massaro*, 538 U.S. at 504.

## CONCLUSION

In addition to the claims reviewed above, we have considered De Jesus Sierra's remaining arguments and find them all to be without merit. Accordingly, we decline to address the ineffective-assistance claim at this time, and **AFFIRM** the February 10, 2014, judgment of the District Court, but **REMAND** the case to the District Court for the sole purpose of making a ministerial correction of the judgment by replacing the word "cocaine," in the "nature of offense" for count one, with the word "heroin," consistent with the superseding indictment and the verdict.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk